UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Lindley Murphy,

    Plaintiff,

    v.                                      Civil Action No. 2:14-cv-126

State of Vermont Department of
Corrections, Greg Hale, Northwest
State Correctional Facility, John Doe,
and Jane Doe,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 15)

Plaintiff Lindley Murphy, an inmate confined at Vermont's Northwest State Correctional Facility (NWSCF), brings this action *pro se* under 42 U.S.C. § 1983, alleging that he has been denied a "proper diet" and "proper medical care." (Doc. 5 at 2–3.) For relief, Murphy seeks an order requiring the Vermont Department of Corrections to provide him with "proper medical care," as well as damages in the amount of $5,000,000. (*Id.* at 3.) On June 15, 2015, Defendants filed a Motion for Summary Judgment, arguing that Murphy cannot prove his claims because he has failed to obtain an expert. (*See* Doc. 15 at 3.)[1] Murphy has not filed any opposition to the Motion. For the reasons discussed below, I recommend that Defendants' Motion for Summary

---

[1] Consistent with Local Rule 56(e), Defendants have served with their Motion the required "Notice to *Pro Se* Litigants." (Doc. 15-5.)

Judgment (Doc. 15) be DENIED, with leave to renew the Motion consistent with the Court's decision.

## **Background**

Murphy filed his Complaint on June 26, 2014, alleging the following.  He has been incarcerated at NWSCF for approximately three years as a pretrial detainee.  (Doc. 5 at 5.)  Murphy claims that he has had a "severe rash" on his feet "for several months now" and that it is getting worse and spreading.  (*Id.*)  He alleges that "[m]edical won[']t do anything about it" and that he has not been allowed to see a "qualified medical professional or dermatologist."  (*Id.*)  He also claims that he is "having trouble walking." (*Id.* at 7.)

In addition, Murphy alleges that he has had "an imbalance of acidity" in his stomach for "years."  (*Id.* at 5.)  He asserts that Tums "do nothing" to treat the imbalance, and that he cannot obtain Prilosec or omeprazole.  (*Id.* at 6.)  He says that he "cannot eat half the food they say medical p[re]scribes," and that he is vomiting, having trouble sleeping, and cannot swallow because his throat is sore from vomiting.  (*Id.* at 6–7.)

Finally, Murphy alleges that, due to the medical neglect, he is "spiraling down into mental anguish."  (*Id.* at 5.)  He also feels that he is "now suffering post[-]traumatic stress, severe und[ue] emotional distress, and am feeling suicid[]al."  (*Id.* at 6.)  He says that his "mental anguish over the helplessness" is becoming overwhelming.  (*Id.*) Murphy alleges that he has filed "multiple grievances" regarding the above issues, but has received no favorable result, and that he continues to be denied "proper diet and medical care."  (*Id.* at 2.)

The following undisputed facts relate to Defendants' argument concerning Murphy's failure to obtain an expert.[2] On September 22, 2014, Defendants served Murphy with their Expert Interrogatory and Request to Produce and with Requests for Admissions. (Doc. 10.) The interrogatories required Murphy to identify the physicians or experts who would offer testimony regarding his alleged mistreatment and damages. (*See* Doc. 15-3.) The requests for admission requested Murphy to admit that he has not received any opinions from a physician or other expert to support his claims. (*See* Doc. 15-4.) Murphy served no responses to the interrogatories or requests for admission.

## Analysis

### I.    Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, "[a]ll reasonable inferences must be construed in the nonmoving party's favor." *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011). Initially the burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion has been made, the burden shifts to the nonmoving party to set out specific facts showing a genuine issue for trial. *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

---

[2] All of the facts that follow are supported by the record and—since Murphy filed no opposition or statement of disputed facts—it is appropriate to take these facts as undisputed. Fed. R. Civ. P. 56(e).

Where, as here, the nonmoving party has failed to submit a response to a summary judgment motion, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## II.     Failure to Obtain an Expert

Defendants assert that Murphy's failure to obtain an expert means he cannot establish a "deliberate indifference" claim under the Eighth Amendment, and that he cannot prevail on any state-law medical-malpractice claim he might be asserting. (Doc. 15 at 3.)  I begin by focusing on Murphy's federal claim.  Federal law provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right."  *Id.*

The federal right at issue here is the Constitution's requirement that prison officials ensure that inmates receive adequate medical care.  *See Salahuddin v. Goord*,

467 F.3d 263, 279 (2d Cir. 2006). More specifically, the Constitution forbids "'deliberate indifference to serious medical needs of prisoners.'" *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A deliberate indifference claim contains two requirements." *Id.* "The first requirement is objective: 'the alleged deprivation of adequate medical care must be "sufficiently serious."'" *Id.* (quoting *Salahuddin*, 467 F.3d at 279). "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Id.*[3]

Insofar as Murphy has failed to obtain an expert, that is not fatal to his deliberate-indifference claim. As the Second Circuit has explained:

> We have never required plaintiffs alleging a denial of adequate medical care in a Section 1983 action to produce expert medical testimony. The inquiry remains whether the treating physician or other prison official was deliberately indifferent to a prisoner's serious medical needs, not whether the doctor's conduct is actionable under state malpractice law.

*Hathaway v. Coughlin*, 37 F.3d 63, 68 (2d Cir. 1994). Expert testimony might bolster a deliberate-indifference case at trial, "but the absence of such expert proof does not mandate dismissal of [an] action where the facts support a finding of deliberate indifference." *Id.*; *see also Mathews v. Pallito*, No. 5:12-cv-58, 2014 WL 4805333, at *10 (D. Vt. Sept. 26, 2014) ("Expert testimony is not necessary to support a deliberate indifference claim under the Eighth Amendment."); *McGee v. Pallito*, No. 1:10-cv-11-

---

[3] Although Murphy and Defendants both refer to the Eighth Amendment, it appears from the Complaint that Murphy may be a pretrial detainee. Thus any deliberate-indifference claim would be based on the Fourteenth Amendment rather than the Eighth Amendment. *See Nielsen v. Rabin*, 746 F.3d 58, 63 n.3 (2d Cir. 2014). That distinction is ultimately immaterial because deliberate-indifference claims "'should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.'" *Id.* (quoting *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009)).

5

jgm-jmc, 2014 WL 360289, at *6 (D. Vt. Feb. 3, 2014); *Bain v. Cotton*, Civil Action No. 2:06-CV-217, 2010 WL 2756989, at *8–9 (D. Vt. June 10, 2010). The Court should therefore reject Defendants' claim that Murphy must support his allegations with expert opinion in order to establish a deliberate-indifference claim.[4]

## III. Alleged Failure to State a Deliberate-Indifference Claim

Although their Motion focuses almost exclusively on Murphy's lack of an expert, Defendants also summarily assert that "there are no allegations in the Complaint that suggest the Department, or prison medical staff, acted with the requisite criminal recklessness in rendering care to [Murphy]." (Doc. 15 at 6.) The Second Circuit has recognized that "[a] motion for summary judgment may be made solely on the pleadings, [and] when it is so made it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (quoting 6 Moore's Federal Practice, ¶ 56.02(3), p. 2035). To the extent that Defendants seek summary judgment on the basis of the pleadings, the Court should reject that argument as inadequately briefed. *See Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294(PKL), 1999 WL 397751, at *4 (S.D.N.Y. June 16, 1999) (court

---

[4] Defendants also assert that "[t]he evidence shows that Mr. Murphy has received appropriate treatment for his claimed medical needs." (Doc. 15 at 3.) In support, Defendants rely on a one-page document entitled "Provider Progress Notes" regarding an August 29, 2014 appointment Murphy had with Dr. Ryan Herrington. (*See* Doc. 15-2.) Dr. Herrington's notes indicate that the rash on Murphy's feet "seems to be mild tinea." (*Id.* at 1.) Regarding Murphy's acid reflux, Dr. Herrington noted Murphy's comment that the Tums were helping. (*Id.*) The notes further indicate that the food was "now better" at NWSCF. (*Id.*) Finally, Dr. Herrington noted Murphy's report that he had not experienced vomiting "in some time." (*Id.*) Although Murphy has not disputed any of Defendants' factual allegations, it seems imprudent for summary judgment purposes to rely solely on the progress notes, especially in the absence of any affidavit from Dr. Herrington. Moreover—even assuming that Dr. Herrington resolved all of Murphy's medical complaints on August 29, 2014—that does not definitively resolve the alleged deliberate indifference in the months prior to that date.

was obliged to deny summary judgment due to inadequate briefing). Defendants may find it advisable to move to modify the motions deadline (*see* Doc. 14) and to submit a renewed summary judgment motion.

## IV.     State-Law Claims

As noted above, Defendants assert that Murphy's failure to obtain an expert means he cannot prevail on any state-law medical-malpractice claim that he might be asserting. (Doc. 15 at 3.) However, since Defendants may elect to submit a renewed summary judgment motion regarding Murphy's federal claims, I recommend reserving judgment on any state-law claims. If Defendants establish that Murphy has failed to state or cannot prove any federal claim, then it may be appropriate to consider declining to retain supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Matican v. City of New York*, 524 F.3d 151, 154–55 (2d Cir. 2008) ("[I]f [plaintiff] has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to exercise supplemental jurisdiction over the pendent state-law claims.").[5]

---

[5] If it becomes necessary to reach any medical negligence that Murphy might be alleging, Defendants should address the potential applicability of the "common sense exception" to the general rule requiring expert testimony for such claims. *See Taylor v. Fletcher Allen Health Care*, 2012 VT 86, ¶ 9, 192 Vt. 418, 60 A.3d 646.

7

## **Conclusion**

For the reasons set forth above, I recommend that that Defendants' Motion for Summary Judgment (Doc. 15) be DENIED, with leave to renew the Motion consistent with the Court's decision.

Dated at Burlington, in the District of Vermont, this 21st day of August, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).